IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,

                                                                ORDER
                                                               10-cr-13-wmc-1

     v.

BYRON BROOMFIELD,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Byron Broomfield's supervised release was held on June 2, 2020, before U.S. District Judge William M. Conley. This hearing was held in abeyance for 90 days and rescheduled for September 17, 2020. The following parties appeared by Zoom video conferencing: Assistant U.S. Attorney David Reinhard; the defendant; defense counsel Jeffrey Nichols; and Supervisory U.S. Probation Officer Kristin Kiel.

FACTS

From the record, I make the following findings of fact. Defendant was sentenced in the Western District of Wisconsin on July 14, 2010, following his conviction for distribution of five grams or more of crack cocaine, in violation of 21 U.S.C. § 841, a Class B felony. A 90-month term of imprisonment was imposed, to be followed by a four-year term of supervised release. Defendant began his term of supervised release on July 27, 2018.

During the judicial reviewing hearing on June 2, 2020, the court found that defendant violated Standard Condition No. 1, prohibiting him from leaving the judicial district without the permission of the court or probation officer; Standard Condition No. 9, prohibiting defendant from

1

associating with any persons engaged in criminal activity and associating with persons convicted of a felony, unless granted permission to do so by the probation officer; and Standard Condition No. 11, requiring defendant to notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

Defendant has since violated the Special Condition requiring that he provide the supervising probation officer with any and all requested financial information. Defendant was provided with a financial affidavit and a monthly financial statement to complete and submit to the probation office. He has yet to complete and submit the forms.

Defendant also violated the Special Condition requiring that he participate in a mental health referral, assessment, and treatment. Specifically, after referral to Rock Valley Community Programs, Inc., for mental health counseling. The defendant failed to attend scheduled counseling sessions on June 17, July 15, August 19 and 26, and September 9, 2020.

Finally, defendant violated the additional, Special Condition requiring that he participate in a location monitoring program for a period of 90 days with active GPS monitoring, which was imposed by the court on June 2, 2020. During this period, defendant was required to remain in his residence (home detention) unless given *advance* permission by the U.S. Probation Officer for specifically enumerated activities (employment and education purposes; religious services; medical, mental health, and substance abuse treatment; attorney visits; court appearances; and other pre-approved activities). Instead, on June 5, 20 and 30, and August 26, 2020, defendant violated this requirement.

The most serious alleged violation in this case is classified as a Grade C violation, pursuant to U.S.S.G. § 7B1.1(a)(3). A Grade C violation coupled with Criminal History Category VI results

in an advisory guideline range of imprisonment of 8 to 14 months, if the term of supervised release is revoked.

Pursuant to 18 U.S.C. § 3583(h), another term of supervised release may follow imprisonment. The statutory maximum term of supervised release that can be re-imposed is 60 months, less any term of imprisonment imposed upon revocation under § 3583(b)(1).

## CONCLUSIONS

Although I think defendant's behavior continues to be highly suspicious, given that he has not provided legitimate documentation of his financial documents or cash flow, I will not revoke the defendant's supervised release at this time, but will keep the probation office's petition open for an additional 90 days. This will allow defendant additional time to complete the requested financial information provided to him by the probation office and allow the probation office to verify the information provided by defendant. Defendant is also expected to fully comply with his mental health treatment obligations, as well as abide by *all* conditions of supervision again set forth below and reviewed with the defendant today in open court.

## ORDER

IT IS ORDERED that defendant's term of supervised release imposed on July 14, 2010, is CONTINUED.

Defendant is to comply with the mandatory conditions of supervised release, along with the following discretionary conditions, which are reasonably related to the offense of conviction, his history and personal characteristics, and his demonstrated noncompliance with prior supervision conditions.

| STANDARD CONDITIONS OF SUPERVISION | JUSTIFICATION |
|---|---|
| 1) Defendant shall not knowingly leave the judicial district in which defendant is being supervised without the permission of the Court or probation officer. | To provide community protection, rehabilitation for defendant, and to enable the supervising probation officer's statutory duty to keep informed of defendant's location, conduct, condition, and compliance.<br>18 U.S.C. § 3553(a)(1), (a)(2)(B) and (C);<br>18 U.S.C. § 3563(b)(14);<br>18 U.S.C. § 3603(2) and (7);<br>USSG §5B1.3(b)(1)(A), (C), (D) and (b)(2);<br>USSG §5D1.3(b)(1)(A), (B), (C) and (b)(2). |
| 2) Defendant is to report to the probation office as directed by the Court or probation officer and shall submit a complete written report within the first five days of each month, answer inquiries by the probation officer, and follow the officer's instructions. The monthly report and the answer to inquiries shall be truthful in all respects unless a fully truthful statement would tend to incriminate defendant, in violation of defendant's constitutional rights, in which case defendant has the right to remain silent. | To provide community protection, rehabilitation for defendant, to ensure officer and defendant safety, and to enable the supervising probation officer's statutory duty to keep informed of defendant's location, conduct, condition, and compliance.<br>18 U.S.C. § 3553(a)(1), (a)(2)(B), (C) and (D);<br>18 U.S.C. § 3563(b)(15) and (17);<br>18 U.S.C. § 3603(2), (3), (4) and (7);<br>USSG §5B1.3(b)(1)(B)(C), (D), (E) and (b)(2);<br>USSG §5D1.3(b)(1)(B), (C), (D) and (b)(2). |
| 3) Defendant shall maintain lawful employment, seek lawful employment, or enroll and participate in a course of study or vocational training that will equip defendant for suitable employment, unless excused by the probation officer or the Court. | Evidence based practice research indicates that lawful, stable employment and education are pro-social activities that reinforce the rehabilitation of defendant. Employment and education have been identified as risk factors for recidivism.<br>18 U.S.C. § 3553(a)(2)(B), (C) and (D);<br>18 U.S.C. § 3563(b)(4) and (5);<br>18 U.S.C. § 3603(2), (3), (4) and (7);<br>USSG §5B1.3(b)(1)(C), (D) and (E);<br>USSG §5D1.3(b)(1)(B), (C) and (D). |
| 4) Defendant shall notify the probation officer within seventy-two hours of any change in residence, employer, or any change in job classification. | To provide community protection, rehabilitation for defendant, to ensure officer and defendant safety, and to enable the supervising probation officer's statutory duty to keep informed of defendant's location, conduct, condition, and compliance.<br>18 U.S.C. § 3553(a)(2)(C); |

| | |
|---|---|
| | USSG §5B1.3(b)(1)(D) and (b)(2); USSG §5D1.3(b)(1)(C). |
| 5) **Defendant shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. Defendant shall not use any product containing cannabidiol (CBD) or tetrahydrocannabinol (THC), except as prescribed by a physician.** | Evidence based practice research indicates the use of illicit chemicals is a risk factor for recidivism. This condition is recommended to assist with defendant's rehabilitation, officer and defendant safety, and to protect the public. 18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C); 18 U.S.C. § 3563(b)(7); 18 U.S.C. § 3603(3); USSG § 5B1.3(b)(1)(A), (B), (C) and (D); USSG § 5D1.3(b)(1)(A), (B) and (C). |
| 6) **Defendant shall not visit places where defendant knows or has reason to believe controlled substances are illegally sold, used, distributed, or administered.** | Evidence based practice research indicates that frequenting places where illicit chemicals are sold, used, distributed or administered increases the risk that defendant will purchase, use or possess illicit chemicals. Individuals involved in the distribution of illicit chemicals present a risk of peer association as identified in the research. This condition supports rehabilitation of defendant and promotes public safety. 18 U.S.C. § 3553(a)(1), (a)(2)(B) and (C); 18 U.S.C. § 3563(b)(6); 18 U.S.C. § 3603(3); USSG §5B1.3(b)(1)(A), (B), (C), (D) and (b)(2); USSG §5D1.3(b)(1)(A), (B) and (C). |
| 7) **Defendant shall not meet, communicate, or spend time with any persons defendant knows to be engaged in criminal activity or planning to engage in criminal activity.** | Evidence based practice research indicates that association with peers involved in criminal activity increases the risk of recidivism. This condition promotes and encourages pro-social relationships that are conducive to a law-abiding lifestyle. 18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C); 18 U.S.C. § 3563(b)(6); 18 U.S.C. § 3603(3); USSG §5B1.3(b)(1)(B), (C) and (D); USSG §5D1.3(b)(1)(B) and (C). |
| 8) **Defendant shall permit a probation officer to visit defendant at home, work, or some other mutually convenient location designated by the probation officer at any reasonable time and shall permit confiscation of any contraband observed in plain view by the probation officer.** | Community contacts ensure compliance with court-ordered conditions and assist defendant in maintaining a law-abiding lifestyle. 18 U.S.C. § 3553(a)(1), (a)(2)(A), (B), and (C); 18 U.S.C. § 3563(b)(13), (15), (16) and (17); 18 U.S.C. § 3603(2), (3), (4) and (7); |

| | | |
|---|---|---|
| | | USSG§ 5B1.3(b)(1)(A), (B), (C), (D) and (b)(2); USSG §5D1.3(b)(1)(A), (B), (C) and (b)(2). |
| 9) | **Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.** | To provide for community safety and rehabilitation of defendant. 18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C); 18 U.S.C. § 3563(b)(18); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG § 5B1.3 (b)(1)(A), (B), (C) and (D); USSG § 5D1.3 (b)(1)(A), (B) and (C). |
| 10) | **Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.** | Evidence based practice research indicates contact with criminals and potential involvement in facilitating other crimes sanctioned by law enforcement officers directly contradicts the condition of no new offenses and criminal associations, which are risk factors for recidivism. Therefore, strict monitoring by the Court/probation office is necessary for the safety of the community, defendant, and the supervising probation officer. 18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C); 18 U.S.C. § 3563(b)(5), (6), (15), (17) and (18); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG §5B1.3(b)(1)(A), (B), (C) and (D); USSG §5D1.3(b)(1)(A), (B) and (C). |
| 11) | **Defendant shall report to the probation office in the district to which defendant is released within 72 hours of release from the custody of the Bureau of Prisons, unless instructed by a U.S. probation officer to report within a different time frame.** | To review and clarify conditions of supervision imposed by the court at sentencing. To assist with risk and needs assessment, monitoring requirements, release planning, and program referrals. To set goals for supervision. 18 U.S.C. § 5363(b)(15); USSG §§ 5B1.3(c)(1); USSG § 5D1.3(c)(1). |
| 12) | **Defendant shall not possess a firearm, ammunition, destructive device, or dangerous weapon.** | To comply with statutory provisions. To provide for community safety, as well as the safety of the supervising U.S. probation officer. 18 U.S.C. §§ 921 and 922; 18 U.S.C. § 5363(b)(10); USSG § 5D1.3(c)(10); and *U.S. v. Armour*, 804 F.3d 859, 869 (7th Cir. 2015). |

**Special Conditions**

The following special conditions, in addition to the mandatory conditions, would be recommended if an additional term of supervision is deemed appropriate by the Court:

| SPECIAL CONDITIONS OF SUPERVISION | JUSTIFICATION |
|---|---|
| 1) Provide the supervising U.S. Probation Officer any and all requested financial information, including copies of state and federal tax returns. | Based on the defendant's obligation to pay state and federal income tax and the large amount of cash in his possession. |
| 2) Submit person, property, residence, papers, vehicle, or office to a search conducted by a U.S. Probation Officer at a reasonable time and manner, whenever the probation officer has reasonable suspicion of contraband or of the violation of a condition of release relating to substance abuse or illegal activities; failure to submit to a search may be a ground for revocation; defendant shall warn any other residents that the premises defendant is occupying may be subject to searches pursuant to this condition. | Based on the nature of the offense of conviction, the need to protect the public from further criminal activity perpetrated by defendant, and the need to ensure the safety of the supervising U.S. Probation Officer. |
| 3) Participate in mental health referral, assessment, and treatment as approved by the supervising U.S. Probation Officer and comply with all rules, regulations, and recommendations of the mental health agency or its representative to the extent approved by the supervising U.S. Probation Officer. If defendant is eligible for funding from any source to cover the cost of treatment, defendant is to make reasonable efforts to obtain such funding. Participation in treatment does not require payment by defendant unless it is clear defendant can afford it. | Recommended based on the defendant's self-report of mental health stressors while on supervised release. |
| 4) Participate in a substance abuse evaluation and recommended treatment. If defendant is eligible for funding from any source to cover the cost of treatment, defendant is to make reasonable efforts to obtain such funding. Participation in treatment does not require payment by defendant unless it is clear | Based on the defendant's history of substance use as outlined in the presentence report |

7

| |  |
|---|---|
| defendant can afford it.  Defendant shall submit to drug testing beginning within 15 days of defendant's release and 60 drug tests annually thereafter.  The probation office may utilize the Administrative Office of the U.S. Courts' phased collection process. | |

### Mandatory Conditions - 18 U.S.C. § 3563(a) and 18 U.S.C. § 3583(d)

- Defendant shall not commit another federal, state, or local crime. [Note: Any defendant that has been convicted of a felony offense, or is a prohibited person, shall not possess a firearm, ammunition, or destructive device pursuant to 18 U.S.C. §§ 921 and 922.]

- Defendant shall not illegally possess a controlled substance. The defendant is subject to drug testing according to 18 U.S.C. §§ 3563(a)(5) and 3583(d).

- Defendant shall cooperate with the collection of DNA by the U.S. Justice Department and/or the U.S. Probation and Pretrial Services Office as required by Public Law 108-405.

Entered this 17th day of September, 2020.

BY THE COURT:

_____
WILLIAM M. CONLEY
District Judge